RECEIVED
IN ALEXANDRIA, LA
MAY 22 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MAGNUS LECOMPTE (#344634) | DOCKET NO. 09-CV-161; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Magnus LeCompte filed the instant civil rights complaint (42 U.S.C. §1983) *in forma pauperis* on January 28, 2009. At the time of filing suit, Plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) housed at Rapides Parish Detention Center III. According to his latest filing, Plaintiff is no longer incarcerated. Plaintiff has named as defendants: Louisiana Department of Corrections, Rapides Parish Detention Center III, and Richard Stalder. Plaintiff complains that he was wrongfully denied admittance to a "work release" program, and he argues that any time he spent in custody beyond the date that he became eligible for work release was unconstitutional.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

Plaintiff was convicted in 1994 of molestation of a juvenile (Count 1), in violation of LSA-R.S. 14:81.2(A), oral sexual battery

(Count 2), in violation of LSA-R.S. 14:43.3(A), and two counts of indecent behavior with a juvenile (Counts 3 and 4), in violation of LSA-R.S. 14:81(A). See State v. LeCompte, 734 So.2d 83 (La. App. 1 Cir. 1999). Plaintiff alleges that he became eligible for work release on September 1, 2007, but his request for same was denied. Plaintiff alleges that he was wrongfully denied work release and that any time spent incarcerated beyond his eligibility date was unconstitutional.

## LAW AND ANALYSIS

Plaintiff claims that he became eligible for work release six months prior to his release date, pursuant to Revised Statute 15:711. He seeks a release into a work release program and compensatory damages for time spent in jail after September 1, 2007.

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must first allege facts to show that a constitutional right has been violated. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Daniels v. Williams, 474 U.S. 327 (1986); Polk County v. Dodson, 454 U.S. 312 (1981). Plaintiff attempts to present a claim that his due process rights were violated by the denial of work release. However, Plaintiff has neither a liberty nor property interest in the work release program.

Louisiana Revised Statute 15:1111, establishing the work release program, provides in part, "The Department [of Corrections]

shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program." In Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S. 15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit has held that "... La. R.S. 15:1111 does not create a liberty interest subject to the Due Process Clause." Welch v. Thompson, 20 F.3d at 644. Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that Plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact. The Fifth Circuit has also held that prisoners have no property interest in work-release employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995).

Plaintiff has no constitutional right to participate in the Louisiana work-release program; his claim is frivolous.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

3

claim be **DENIED and DISMISSED** with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 21st day of May, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE